# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND MCGOVERN, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE WASHINGTON UNIVERSITY et al., <br><br> Defendants. | Civil Action No. 14-215 (BAH) <br><br> Chief Judge Beryl A. Howell |

## **MEMORANDUM AND ORDER**

Following the D.C. Circuit's affirmance of the grant of summary judgment to the remaining defendants in this case, *see McGovern v. Brown*, 891 F.3d 402 (D.C. Cir. 2018), George Washington University ("GWU"), as a prevailing party, has renewed its request for costs from plaintiff Raymond McGovern, GWU's Renewed Req. For Costs, ECF No. 64. This request was first filed on April 18, 2017, *see* GWU's Verified Bill of Costs and Expenses of Defendant the George Washington University ("GWU's April 2017 Bill of Costs"), ECF No. 58, within 21 days of this Court's grant of summary judgment in GWU's favor, but stayed pending resolution of the appeal, Minute Order, dated May 12, 2017. The renewed request for costs is granted in part and denied in part, for the reasons set out below.

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). As the Supreme Court has noted, "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Federal law enumerates the costs that may be taxed, *see, e.g.,* 28 U.S.C. § 1920, with additional guidance set out in the Local Civil Rules of this Court, *see* D.D.C. LCvR 54.1. In evaluating motions to tax costs, the court must "determine first

1

which, if any, of the costs requested by the prevailing party are statutorily authorized," *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 (D.C. Cir. 1981), with "[a] finding that some or all of the costs requested are statutorily authorized [] giv[ing] rise to the rule 54(d) presumption favoring their award," *id*. Next, the court is "obliged to determine whether the prevailing party engaged in any misconduct during the lawsuit 'rendering the litigation … unnecessarily prolix and expensive,'" and warranting "a denial or reduction" of the requested costs. *Id*. at 1318-19 (quoting *Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir. 1949)). "Finally, whether or not the trial judge finds that the victor engaged in misconduct, he retains broad discretion under rule 54(d) to disallow any non statutory cost items on the victor's bill which seem excessive under the circumstances." *Id*. at 1319; *see al*so *Craig v. District of Columbia*, 197 F. Supp. 3d 268, 285-86 (D.D.C. 2016) ("the district court has discretion in allowing, disallowing, or apportioning costs" (citing *Moore v. Nat'l Ass'n of Secs. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985)). Given the presumption favoring the award of statutorily authorized costs, "a court may neither deny nor reduce a prevailing party's request for costs without articulating some good reason for doing so." *Siegel v. Mazda Motor Corp.*, 878 F.2d 435, 439 (D.C. Cir. 1989) (quoting *Baez v. United States Department of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982)).

In this case, the plaintiff challenges the Bill of Costs on two grounds. First, while both parties agree that GWU failed to use the "court-approved form," as required by LCvR 54.1(a), when initially filing its Bill of Costs in April 2017, s*ee* GWU's April 2017 Bill of Costs at 1, ECF No. 58, the parties disagree as to the legal effect of this error. In the plaintiff's view, GWU's failure to use the correct form renders that filing a nullity, Pl.'s Opp'n & Objs. to Def.'s "Renewed Request For Costs" ("Pl.'s Opp'n") at 3, ECF No. 65, with the further consequence

that GWU's filing of an "Amended Bill of Costs," which uses the correct form, *see* GWU's Renewed Request for Costs, Ex. 1 ("Amended Bill of Costs"), ECF No. 64-1, is "untimely," Pl.'s Opp'n at 4. The Court disagrees.

GWU's initial failure to use the correct form, while unfortunate, is an error that can be cured and therefore does not render the amended Bill of Costs on the correct form untimely. *Accord In re Ellipso, Inc.*, No. 09-00148, 2010 Bankr. LEXIS 635, at *2 (Bankr. D.D.C. Mar. 5, 2010) (finding that failure to "verify the bill of costs as required by 28 U.S.C. § 1924…can be cured," and therefore granting leave to file an amended bill of costs). Amendments to Bills of Costs occur regularly and, in fact, such amendments are appropriate to address legitimate objections raised by opposing parties, without forcing judicial intervention. *See, e.g., Flythe v. District of Columbia*, 317 F.R.D. 596 (D.D.C. 2016) (approving amended Bill of Costs); *Butera v. District of Columbia*, 83 F. Supp. 2d 25, 40 (D.D.C. 1999) (denying Bill of Costs without prejudice pending resubmission of an amended Bill of Costs that does not include certain costs). Indeed, in addition to using the correct form, GWU's Amended Bill of Costs also "*reduces* the amount requested in accordance with various objections previously lodged by the Plaintiff," GWU's Reply to Pl.'s Opp'n & Objs. To GWU's Renewed Req. for Costs ("GWU's Reply") at 2, ECF No. 66, by reducing "the amount requested for Christopher Brown's deposition, and remov[ing] requests for CD/Flash Drive reproduction and in-house copying costs." GWU Renewed Req. for Costs, at 1.

The plaintiff cites as support for its position two cases that are inapposite. *See* Pl.'s Opp'n at 2. For example, in *Mason v. Belieu*, 543 F.2d 215, 222 (D.C. Cir. 1976), the D.C. Circuit reversed the award of costs to a party, which had failed to file any Bill of Costs at all, in violation of the statutory requirement and causing prejudice to the counter party. In the instant

case, by contrast, use of the court-approved form is neither mandated by statute nor by federal rule, but rather by LCvR 54.1(a) alone. This defect of GWU's otherwise timely filing of a Bill of Costs has been cured to comport with LCvR 54.1(a). In addition, the plaintiff cites *Laffey v. Nw. Airlines*, *Inc.,* 587 F.2d 1223, 1224 (D.C. Cir. 1978), where the Bill of Costs was denied due to an untimely filing without good cause, and stresses that the time limit requirements for the award of costs under the Federal Rules of Appellate Procedure must be "scrupulously observed," Pl.'s Opp'n at 2 (quoting *Laffey*, 587 F.2d at 1224). *Laffey* would only be relevant if the plaintiff's novel position were accepted that use of the wrong form rendered GWU's original timely filing a nullity. This position has been rejected in favor of the more sensible approach on these facts to regard the timeliness requirement as satisfied by the GWU's initial filing, and to regard the error in use of form as properly corrected in the amended filing.

The plaintiff further challenges a total of $1,001.54 of the $5,987.64 in costs. Pl.'s Opp'n at 7-11. The plaintiff objects to $152.30 in PACER charges, described by GWU as "Fees of the Court," even though such charges are "disallowed online research charges." Pl.'s Opp'n at 7-8; *see also Osseiran v. Int'l Fin. Corp.*, 68 F. Supp. 3d 152, 160 (D.D.C. 2014) (removing non-statutory PACER charges from taxable amount on Bill of Costs). GWU offers no specific defense to this objection, which is therefore sustained. The plaintiff also objects to $836.59 for reimbursement of the cost of expedited processing, delivery, and sales tax for deposition transcripts since such transcripts may only be reimbursed "at the reporter's standard rate." Pl.'s Opp'n at 8 (quoting LCvR 54.1(d)(6)). The D.C. Circuit has explained that the cost of expedited deposition transcripts is taxable only when expedited processing was "necessarily obtained [] for use in the case." *Sun Ship, Inc.*, 655 F.2d at 1318 (quoting 28 U.S.C. § 1920(2)). GWU has provided no explanation for why expedited processing was necessary or otherwise offered any

4

defense to this objection, which is therefore sustained.  Finally, the plaintiff correctly objects to reimbursement for a "Search and Retrieval Fee" and for the cost of postage, which GWU claims as "copying costs."  Pl.'s Opp'n at 11; *see also Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983) (holding postage not a taxable cost under 28 U.S.C. § 1920); *Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 627 (E.D. Va. 1979) (same); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975) (same).  Again, GWU offers no specific response to this objection, which is therefore sustained, thereby reducing GWU's request for costs by $12.65.

In sum, GWU's renewed request for costs totaling $5,987.64 is reduced by $1,001.54, and the final taxable amount is $4,986.10. Accordingly, it is hereby

**ORDERED** that defendant's Renewed Request for Costs, ECF No. 64, is GRANTED IN PART and DENIED IN PART; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to tax Plaintiff's Bill of Costs in the amount of $4,986.10.

**SO ORDERED**.

Date: September 7, 2018

_____

BERYL A. HOWELL

Chief Judge